FLOORING SYSTEMS, INC., Plaintiff/Respondent,

v.

STAAT CONSTRUCTION COMPANY, DLJ Properties, et al., Defendants/Appellant.

No. ED 79386.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 18, 2001.

Craig A. Smith, St. Louis, MO, for appellant DLJ Properties, Inc.

Steven M. Cockriel, Philip J. Christofferson, St. Louis, MO, for respondent Flooring Systems, Inc.

Before MARY R. RUSSELL, P.J. and ROBERT G. DOWD, JR., J. and MARY K. HOFF, J.

## ORDER

PER CURIAM.

DLJ Properties, Inc. (DLJ) appeals from the Judgment and Order (judgment) entered in favor of Flooring Systems, Inc. (Flooring) upon the granting of its motion for summary judgment on its breach of contract and enforcement of mechanic's lien claims.[1] Specifically, DLJ appeals

---

1. Claims involving Carrolton Bank and Kim J. Smith were dismissed prior to judgment. In its judgment the trial court noted Flooring had voluntarily dismissed Count II of its Petition, leaving only Flooring's breach of contract and enforcement of mechanic's lien claims in Count I; severed all other claims and causes of action from Flooring's claims; and then "dispose[d] of all non-severed claims and causes of action asserted in this matter, [and stated the judgment] is final for purposes of appeal, and there is no just reason for delay in the entry of this judgment."

Staat Construction Co. does not appeal the judgment to the extent it awarded Flooring $49,492.33, plus court costs, on Flooring's breach of contract claim. Mercantile Bank, N.A., now known as Firstar Bank, and Tarquad Corporation do not appeal the judgment to the extent it gave priority to Flooring's mechanic's lien "over all other interests claimed in the Property other than other mechanic's lien claimants in this lawsuit."

that part of the judgment finding valid and enforceable, to the extent of $34,883.10 plus post-judgment interest, a mechanic's lien in favor of Flooring

against the real property and improvements commonly known and numbered as 3500–3540 Jeffco Blvd., Arnold, Missouri, and more particularly described as:

All of Lot 1 of Monticello Heights, a subdivision as shown by plat in the Recorder's Office of Jefferson County, Missouri in Plat Book 109, Page 278.

We have reviewed the briefs of the parties, the legal file, and the record on appeal, and find the claims of error to be without merit. Upon *de novo* review, we find no genuine issue of material fact or error of law. An extended opinion would have no precedential value. We affirm the judgment pursuant to Rule 84.16(b).

The parties have been furnished with a memorandum for their information only, setting forth the reasons for the order affirming the judgment pursuant to Rule 84.16(b).